**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Lund Industries, Inc., Civil No. 01-2017 DWF/AJB

Plaintiff,

v.

**ORDER ON DEFENDANT'S MOTION FOR MORE DEFINITE CLAIM CHART**

EGR, Inc.,

Defendant.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on defendant's motion to compel plaintiffs to provide a more definite statement in its claim chart [Docket No. 16]. Hearing was held on May 7, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul, Minnesota 55101. John F. Hornick, Esq., appeared on behalf of the defendant. Anthony R. Zeuli, Esq., appeared by on behalf of the plaintiff. Defendant moves for a claim chart which fully describes claims with respect to all of 301 individual accused vehicle hood guards which plaintiff has alleged as possibly infringing on its patent. Plaintiff has produced a chart of its claims as asserted in the context of representative product lines and contends that its claim chart thereby provides a substantial and adequate description of its claims for purposes Markman hearing.

Based upon the file, affidavits, memorandums, exhibits, and arguments of counsel, the Court **HEREBY ORDERS** that defendant's motion for more definite claims statement in plaintiff's claims chart is **denied** [Docket No. 16].



MAY 14 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: 5/13/02

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff's in this matter have submitted a claim chart which describes its claims with respect to each of five separate product lines of motor vehicle shields. Within each product line there are variations in shields relating to the particular vehicles to which they can be attached. Plaintiff has alleged 301 different shields as infringing upon its '483 patent. Defendant contends that a more definite and particularized claim chart is required pursuant to provision of the Court's Pretrial Scheduling Order and that in the absence of a complete claim chart, defendant is unable to respond to the claims. Plaintiff insists that such an extensive claim chart would be excessively redundant; would unnecessarily complicate rather that clarify issues in the case; demands unnecessary and overburdensome discovery; and is not required by the pretrial scheduling order. Plaintiff's position is well-taken. Though the Court agrees with defendant's suggestion that a sufficient claim chart could be presented in a relatively concise format, and that plaintiff would not be compelled to flood the litigation with 2400 pages of essentially repetitive information, the Court is persuaded that acceptance of defendant's position would require extensive additional and burdensome discovery for purposes of identification and analysis of shield differences which are not crucial to claims issues in this case, despite defendant's protests to the contrary. Plaintiff has produced a claim chart which is sufficient to enable defendants to

prepare a response. Furthermore, although the pretrial scheduling order does require that a claim chart recite the basis for each contention with specificity with respect to each element of a claim, the order should not be interpreted to require plaintiff to engage in extensive discovery and preparation which may be only tangentially related to the patent claims. To the extent that defendant contends that certain elements of individual shields are critical to patent infringement issues in this case, those concerns can be presented in the context of the Markman hearing and production of a more definite statement with respect to those elements will not be compelled.